IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ADRIAN CAMPBELL | CRIMINAL CASE NO.<br>1:11-CR-460-AT-RGV |

### ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

Attached is the Report and Recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and N.D. Ga. Cr. R. 59(2)(a)-(b) and (3). Let the same be filed and a copy, with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within fourteen (14) days of receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. Failure to object to this Report and Recommendation waives a party's right to review. Fed. R. Crim. P. 59(b)(2).

Pursuant to Title 18, U.S.C. § 3161(h)(1)(F), **the above-referenced fourteen (14) days allowed for filing objections is EXCLUDED from the computation of time under the Speedy Trial Act, whether or not objections are actually filed.** The Clerk is **DIRECTED** to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED and DIRECTED**, this 18th day of January, 2012.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CRIMINAL CASE NO. 1:11-CR-460-AT-RGV |
| ADRIAN CAMPBELL | |

## REPORT AND RECOMMENDATION REGARDING DEFENDANT'S COMPETENCY TO STAND TRIAL

On December 14, 2011, defendant Adrian Campbell ("defendant") was ordered to undergo a psychiatric examination and evaluation to be conducted by Dr. Matthew Norman ("Dr. Norman") concerning whether defendant is competent to stand trial. [Doc. 20]. Dr. Norman has completed his examination and evaluation of defendant, and the Court, as well as counsel, have received a copy of Dr. Norman's report concerning defendant's competency to stand trial. On January 18, 2012, the Court conducted an evidentiary hearing and heard argument from counsel concerning defendant's competency to stand trial. [Doc. 26]. The parties concur that defendant is competent to proceed to trial. After careful consideration of the record, arguments of counsel, and relevant legal authority, the undersigned Magistrate Judge **RECOMMENDS** that defendant be found mentally competent to stand trial.

# I. BACKGROUND FACTS

Defendant is charged in a three-count indictment with (1) knowingly delivering and causing to be delivered to United Parcel Service ("UPS") a handgun concealed inside a DVD player for shipment in interstate and foreign commerce to persons other than a licensed importer, manufacturer, dealer, or collector, without giving notice to UPS that the firearm was being transported and shipped, in violation of 18 U.S.C. § 922(e); (2) knowingly and fraudulently attempting to export and send a firearm from the United States to Canada contrary to the laws and regulations of the United States, in violation of 18 U.S.C. § 554; and (3) knowingly possessing, in and affecting commerce, a firearm after having previously been convicted of a felony offense, in violation of 18 U.S.C. § 922(g). [Doc. 1].

Following his arrest on these charges, defendant twice appeared before the undersigned Magistrate Judge, and based upon defendant's comments and conduct in the courtroom, the substance of his reported communication with counsel, as well as the undersigned's interactions with the defendant and observations of his demeanor in the courtroom, the undersigned found that there was reasonable cause to believe that the defendant may be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he may be unable to understand the nature and consequences of the proceedings against him or to assist

properly in his defense.  See 18 U.S.C. § 4241.  Accordingly, the undersigned ordered that defendant be committed to the custody of FCI Butner, or another comparable federal psychiatric prison, to undergo a psychiatric examination to determine if he is presently competent to stand trial. [Doc. 12]. Defendant appealed the order to the Honorable Amy Totenberg ("Judge Totenberg"), United States District Judge, [Doc. 15], and following a hearing, Judge Totenberg ordered that defendant initially undergo a local psychiatric evaluation by Dr. Norman, and defer any further evaluation until further order of the Court.  [Doc. 20].

On January 9, 2012, Dr. Norman sent to defendant's counsel a report regarding his examination and evaluation of defendant, and counsel provided a copy of the report to the Court and the prosecutor.  Dr. Norman reported that defendant is presently able to understand the nature and consequences of the proceedings against him and to assist in his defense, and therefore, he concluded that defendant is competent to stand trial. On January 18, 2012, the Court conducted an evidentiary hearing on the issue of whether defendant has the capacity to understand the nature and consequences of the proceedings against him and to assist properly in his defense.  [Doc. 26].  Defendant and his attorney, as well as the prosecutor, appeared at the competency hearing, and the Court received into

3

evidence without objection Dr. Norman's report, under seal.[1] [Id.]. The prosecutor and defense counsel agreed that, based upon their review of Dr. Norman's report, defendant is competent to stand trial, and they offered no contrary evidence. [Id.].

## II. DISCUSSION

"The Due Process Clause of the Fifth Amendment prohibits the government from trying a defendant who is incompetent." United States v. Rahim, 431 F.3d 753, 759 (11th Cir. 2005) (per curiam) (citations omitted). The test for determining competency to stand trial is "whether [defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding -- and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam) (internal marks omitted). "Whether the defendant is competent is an ongoing inquiry; the defendant must be competent at all stages of trial." Rahim, 431 F.3d at 759. Although not settled, the Court will assume for purposes of resolving the issue of defendant's competency to stand trial in this case, that it is the government's burden to prove defendant is competent by a preponderance of the evidence. United States v. Izquierdo, 448 F.3d 1269, 1276-78 (11th Cir. 2006) (per curiam).

---

[1] Dr. Norman's *curriculum vitae* was also received as an exhibit.

"[N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1259 (11th Cir. 2002) (citation and internal marks omitted); see also Battle v. United States, 419 F.3d 1292, 1299 (11th Cir. 2005) (per curiam) (same). Neither proof of "low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior" is necessarily "equated with mental incompetence to stand trial." Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995) (citation omitted); see also Battle, 419 F.3d at 1299 (same). Nor does the fact that a defendant "has been treated with anti-psychotic drugs" render him *per se* incompetent to stand trial. Medina, 59 F.3d at 1107 (citation omitted). Quite often the best evidence of a defendant's competence to stand trial is the evidence of his or her behavior during the relevant time period, "especially the evidence of how he related to and communicated with others . . . ." Wright, 278 F.3d at 1259.

The undisputed evidence in this case, as presented at the evidentiary hearing, demonstrates that defendant has a sufficient present ability to assist his lawyer with a reasonable degree of rational understanding and that he has a rational and factual understanding of the proceedings. Rahim, 431 F.3d at 759. The evidence indicates that defendant has no prior history of psychiatric problems or mental health

5

treatment, and upon examination of defendant, Dr. Norman found no overt cognitive deficits and no evidence of any thought disorder (i.e., paranoid or disorganized thinking) that interfered with defendant's ability to relate to others. Dr. Norman reported that defendant was aware of the charges against him and able to discuss the criminal proceedings and charges pending against him. Dr. Norman further reported that defendant was able to discuss the events and circumstances resulting in his being charged and that he was aware of the possible consequences of the pending charges.

    The evidence of record further indicates that defendant has the ability to consult with and assist his lawyer in his own defense. Dr. Norman found that defendant has a sufficient understanding of court procedures and the different roles of participants in the judicial system, and that he has the verbal skills necessary to participate at trial. Indeed, the undisputed evidence in this case demonstrates that defendant is presently able to understand the nature and consequences of the proceedings against him and to properly assist in his defense. Therefore, the undersigned finds that defendant is presently competent to stand trial, and no further evaluation is necessary at this time.

## III. CONCLUSION

For the foregoing reasons and cited authority, it is **RECOMMENDED** that the District Court find that defendant is competent to stand trial as he has the "present ability to consult with his lawyer with a reasonable degree of rational understanding . . . [and that he has] a rational as well as factual understanding of the proceedings against him." Rahim, 431 F.3d at 759 (citation and internal marks omitted).

**IT IS SO RECOMMENDED**, this 18th day of January, 2012.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE