**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ADRIAN CAMPBELL, | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:11-CR-0460-AT-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:13-CV-4089-AT-RGV |

**FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of movant Adrian Campbell's pro se "Petition to Vacate Void Judgment and Collateral Attack," which has been docketed as this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 105]. For the following reasons, it is **RECOMMENDED** that Campbell's § 2255 motion be **DISMISSED** pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.[1]

---

[1] Rule 4(b) provides that: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

## I. PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned a three-count indictment charging Campbell in Count One with delivering to the United Parcel Service a box that contained a handgun concealed inside a DVD player, in violation of 18 U.S.C. § 922(e); in Count Two with smuggling a firearm from the United States, in violation of 18 U.S.C. §§ 922(e) and 554; and in Count Three with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  [Doc. 1]. Campbell pleaded guilty to Counts Two and Three, pursuant to a negotiated plea agreement in which the government agreed to dismiss any and all remaining counts. [Doc. 88-1 at 1, 4; Docs. 98-99].  The plea agreement also included a binding sentencing agreement that Campbell would receive a total sentence of twelve months of imprisonment.  [Doc. 88-1 at 4].

The plea agreement included a limited waiver of appeal, which provides that Campbell

> voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Campbell] may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court.

[Doc. 88-1 at 8]. This provision of the plea agreement further provides that Campbell may file a cross appeal if the government appeals the sentence. [Id.]. Campbell signed the plea agreement and a separate certification section, which states in relevant part:

> I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement.

[Id. at 10-11].

At the plea hearing, Campbell was placed under oath and confirmed that he had not had any alcohol, pills, medicine, or drugs of any kind within the past twenty-four hours. [Doc. 98 at 4, 8]. The Court explained to Campbell the rights he was giving up in pleading guilty, and Campbell stated that he understood. [Id. at 8-11, 13-14]. The prosecutor then described the elements of the offenses and summarized what the evidence would show if the case went to trial. [Id. at 15-18; Doc. 99 at 7-9]. Campbell stated that he understood the charges and agreed with the facts as related by the prosecutor. [Doc. 98 at 16, 19; Doc. 99 at 8-9].

The prosecutor explained that the 12-month binding sentence agreement contained in the plea agreement was less than the sentencing guidelines range of 18 to

3

24 months. [Doc. 98 at 19]. Campbell understood that, absent the binding sentence agreement, he faced possible maximum sentences of ten years of imprisonment on both Counts Two and Three. [Id. at 19-20]. Campbell also understood that the plea agreement would not go forward if the Court did not approve the 12-month sentence, but that he could not change his mind if the Court did approve it. [Id. at 22-23].

Next, the prosecutor reviewed the terms of the plea agreement, including the appeal waiver, and Campbell agreed with their description. [Id. at 29-32]. Campbell acknowledged that no one had threatened, pressured, forced, or intimidated him to plead guilty. [Id. at 40; Doc. 99 at 6]. The Court then continued the proceeding to give Campbell, who was born in Jamaica, time to research the impact of his guilty plea on his immigration status. [Doc. 98 at 7, 24-25, 29; Doc. 99 at 2-3].

When the hearing resumed, Campbell confirmed that he had not had any drugs or medication that might impair his judgment. [Doc. 99 at 3]. The Court then noted that Campbell's plea agreement contained an appeal waiver and directed Campbell to the page of the plea agreement that included the waiver. [Id. at 3-4]. Campbell affirmed that he had sufficient time to consider and discuss the matter with his attorney before entering his plea and that he was satisfied with counsel's representation. [Id. at 6].

4

Campbell expressed his concern that the Court lacked subject matter jurisdiction over the charged offenses because no "competent fact witness" had appeared before the Court and agreed to testify. [Id. at 9, 11]. The prosecutor explained that the Court had jurisdiction because "this is a violation of federal law and a grand jury has returned an indictment." [Id. at 10]. The Court found that it was lawfully exercising its authority. [Id. at 13]. The prosecutor then explained that, if the case went to trial, the government would call all the witnesses necessary to prove the charges, including "the employees who unpacked the DVD player and found the firearm . . . , and the fingerprint witness who could say that the fingerprint on the inside of the DVD player belongs to Mr. Campbell." [Id. at 15]. After once more conferring with counsel, Campbell pleaded guilty, and the Court accepted his plea. [Id. at 16-17].

At the sentencing hearing, the Court determined that Campbell's guideline range was twenty-four to thirty months of imprisonment. [Doc. 100 at 3]. In accordance with the binding sentencing agreement, the Court imposed a total sentence of twelve months of imprisonment. [Id. at 4; Doc. 91].

Campbell filed a timely pro se notice of appeal. [Doc. 92]. In the appellate brief filed by his attorney, Campbell argued only that the district court erred by imposing a $200 special assessment. Br. of Appellant, United States v. Campbell, No. 12-

5

16041-CC (11th Cir. Mar. 6, 2013). On May 29, 2013, the United States Court of Appeals for the Eleventh Circuit granted the government's motion to dismiss Campbell's appeal due to the valid appeal waiver contained in his plea agreement. [Doc. 103]. On December 10, 2013, Campbell timely filed this pro se § 2255 motion, arguing only that the Court lacked subject matter jurisdiction because no "competent fact witness" had appeared before the Court to testify regarding the offenses. [Doc. 105].

## II.  DISCUSSION

### A.  General Standards

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based on the record before

6

the Court, the undersigned finds that an evidentiary hearing is not required in this case. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

**B.    Procedural Default**

Campbell could have, but did not raise his challenge to this Court's subject matter jurisdiction on direct appeal. A criminal defendant who fails to raise an issue on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent (1) a showing of cause for the default and actual prejudice or (2) a showing of actual innocence. McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011), cert. denied, 133 S. Ct. 112 (2012). "[T]o show cause for procedural default, [a movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal . . ." or that the matter was not raised because of ineffective assistance of counsel. Lynn v. United States, 365 F.3d 1225, 1235 (11th Cir. 2004) (per curiam). A movant may also establish cause for the procedural default if he can show "that his attorney's performance failed to meet the Strickland standard for effective assistance of counsel." Reece v. United States, 119

7

F.3d 1462, 1465 (11th Cir. 1997) (internal quotation marks and citation omitted); see also United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000) (holding that only a meritorious ineffective assistance of counsel claim may constitute cause). If a movant shows cause, he must also show prejudice, i.e., that the error complained of "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Reece, 119 F.3d at 1467 (citation omitted). To make a credible showing of actual innocence, "a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of . . . new evidence of innocence." McKay, 657 F.3d at 1196.

Campbell does not explain why he failed to raise his challenge to the Court's subject matter jurisdiction on direct appeal. As such, he has not alleged cause and prejudice to excuse the procedural default. Campbell also does not contend that he is actually innocent. Thus, Campbell's challenge to the Court's subject matter jurisdiction is procedurally defaulted.

Moreover, Campbell's claim lacks merit. Because the indictment charged Campbell with violating federal law, the Court has subject matter jurisdiction. See United States v. Aguilar, 196 F. App'x 837, 839 (11th Cir. 2006) (per curiam); Alikhani v. United States, 200 F.3d 732, 734-35 (11th Cir. 2000) (per curiam); Paige

8

v. United States, Nos. 8:02-cr-508-T-17MSS, 8:08-cv-1945-T-17MSS, 2009 WL 700659, at *5 (M.D. Fla. Mar. 16, 2009).

### III.  CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Based on the foregoing discussion of Campbell's ground for relief, the resolution of the issues presented is not debatable by jurists of reason, and the undersigned recommends that he be denied a COA.

## IV.  CONCLUSION

For the foregoing reasons,  **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 105], be **DISMISSED** pursuant to Rule 4(b) and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 23rd day of December, 2013.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)