**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ADRIAN CAMPBELL, | : | MOTION TO VACATE |
|     Movant, | : | 28 U.S.C. § 2255 |
| | : | |
|     v. | : | CRIMINAL NO. |
| | : | 1:11-CR-0460-AT-RGV-1 |
| UNITED STATES OF AMERICA, | : | |
|     Respondent. | : | CIVIL ACTION NO. |
| | : | 1:13-CV-4089-AT |

## ORDER

This matter is before the Court on the Magistrate Judge's Final Report and
Recommendation ("R&R") [Doc. 106] and Adrian Campbell's objections thereto [Doc.
108]. The Court reviews de novo the portions of the R&R to which Campbell has
objected and reviews for plain error the remaining portions. *See* 28 U.S.C.
§ 636(b)(1); Fed. R. Civ. P. 72(b)(3); *United States v. Slay*, 714 F.2d 1093, 1095 (11th
Cir. 1983) (per curiam).

### I.  BACKGROUND

A federal grand jury in the Northern District of Georgia returned a three-count
indictment charging Campbell in Count One with delivering to the United Parcel
Service a box that contained a handgun concealed inside a DVD player, in violation
of 18 U.S.C. § 922(e); in Count Two with smuggling a firearm from the United States,
in violation of 18 U.S.C. §§ 922(e) and 554; and in Count Three with possession of a
firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1.) Campbell

AO 72A
(Rev.8/82)

pleaded guilty to Counts Two and Three, pursuant to a negotiated plea agreement in which the government agreed to dismiss any and all remaining counts.  (Doc. 88-1 at 1, 4; Docs. 98-99.)   The plea agreement also included a binding sentencing agreement that Campbell would receive a total sentence of twelve months of imprisonment.  (Doc. 88-1 at 4.)

The plea agreement included a limited waiver of appeal, which provides that Campbell

> voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Campbell] may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court.

(Doc. 88-1 at 8.)  This provision of the plea agreement further provides that Campbell may file a cross appeal if the government appeals the sentence.  (*Id.*)  Campbell signed the plea agreement and a separate certification section, which states in relevant part:

> I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding.  No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement.

(*Id.* at 10-11.)

2

At the plea hearing, Campbell was placed under oath and confirmed that he had not had any alcohol, pills, medicine, or drugs of any kind within the past twenty-four hours.  (Doc. 98 at 4, 8.)  The Court explained to Campbell the rights he was giving up in pleading guilty, and Campbell stated that he understood.  (*Id.* at 8-11, 13-14.)  The prosecutor then described the elements of the offenses and summarized what the evidence would show if the case went to trial.  (*Id.* at 15-18; Doc. 99 at 7-9.)  Campbell stated that he understood the charges and agreed with the facts as related by the prosecutor.  (Doc. 98 at 16, 19; Doc. 99 at 8-9.)

The prosecutor explained that the 12-month binding sentence agreement contained in the plea agreement was less than the sentencing guidelines range of 18 to 24 months.  (Doc. 98 at 19.)  Campbell understood that, absent the binding sentence agreement, he faced possible maximum sentences of ten years of imprisonment on both Counts Two and Three.  (*Id.* at 19-20.)  Campbell also understood that the plea agreement would not go forward if the Court did not approve the 12-month sentence, but that he could not change his mind if the Court did approve it.  (*Id.* at 22-23.)

Next, the prosecutor reviewed the terms of the plea agreement, including the appeal waiver, and Campbell agreed with their description.  (*Id.* at 29-32.) Campbell acknowledged that no one had threatened, pressured, forced, or intimidated him to plead guilty.  (*Id.* at 40; Doc. 99 at 6.)  The Court then continued the proceeding to

3

give Campbell, who was born in Jamaica, several days time to research the impact of his guilty plea on his immigration status.  (Doc. 98 at 7, 24-25, 29; Doc. 99 at 2-3.)

When the hearing resumed five days later, Campbell confirmed that he had not had any drugs or medication that might impair his judgment.  (Doc. 99 at 3.)  The Court then noted that Campbell's plea agreement contained an appeal waiver and directed Campbell to the page of the plea agreement that included the waiver.  (*Id.* at 3-4.)  Campbell affirmed that he had sufficient time to consider and discuss the matter with his attorney before entering his plea and that he was satisfied with counsel's representation.  (*Id.* at 6.)

Campbell expressed his concern that the Court lacked subject matter jurisdiction over the charged offenses because no "competent fact witness" had appeared before the Court and agreed to testify.  (*Id.* at 9, 11.)  The prosecutor explained that the Court had jurisdiction because "this is a violation of federal law and a grand jury has returned an indictment."  (*Id.* at 10.)  The Court found that it was lawfully exercising its authority.  (*Id.* at 13.)  The prosecutor then explained that, if the case went to trial, the government would call all the witnesses necessary to prove the charges, including "the employees who unpacked the DVD player and found the firearm . . . , and the fingerprint witness who could say that the fingerprint on the inside of the DVD player belongs to Mr. Campbell."  (*Id.* at 15.)  After once more

4

conferring with counsel, Campbell pleaded guilty, and the Court accepted his plea. (*Id.* at 16-17.)

At the sentencing hearing, the Court determined that Campbell's guideline range was twenty-four to thirty months of imprisonment.  (Doc. 100 at 3.)  In accordance with the binding sentencing agreement, the Court imposed a total sentence of twelve months of imprisonment.  (*Id.* at 4; Doc. 91.)

Campbell filed a timely pro se notice of appeal.  (Doc. 92.)  In the appellate brief filed by his attorney, Campbell argued only that the district court erred by imposing a $200 special assessment.  Br. of Appellant, *United States v. Campbell*, No. 12-16041-CC (11th Cir. Mar. 6, 2013).  On May 29, 2013, the United States Court of Appeals for the Eleventh Circuit granted the government's motion to dismiss Campbell's appeal due to the valid appeal waiver contained in his plea agreement. (Doc. 103.)  On December 10, 2013, Campbell timely filed this pro se § 2255 motion, arguing only that the Court lacked subject matter jurisdiction because no "competent fact witness" had appeared before the Court to testify regarding the offenses.  (Doc. 105.)

The Magistrate Judge found that Campbell's challenge to the Court's subject matter jurisdiction is procedurally defaulted because he failed to raise it on direct appeal and did not show cause and prejudice to excuse the default or allege that he

is actually innocent.   (Doc. 106 at 7-8.)   The Magistrate Judge also found that Campbell's claim lacks merit.   (*Id.* at 8-9.)

## II.  CAMPBELL'S OBJECTIONS

Campbell states that he "refuse[s] and reject[s the R&R] for cause w/o dishonor because it is not in [his] best interest."  (Doc. 108 at 1.)  Campbell does not address the Magistrate Judge's reasons for concluding that he is not entitled to relief.  Rather, his objections contain frivolous and nonsensical allegations, such as that the Court lacks common law jurisdiction because there is no "proof of an injured or damaged party."  (*Id.* at 1-2.)

Because the indictment charged Campbell with violating federal law, the Court has subject matter jurisdiction.  *See United States v. Aguilar*, 196 F. App'x 837, 839 (11th Cir. 2006) (per curiam); *Alikhani v. United States*, 200 F.3d 732, 734-35 (11th Cir. 2000) (per curiam); *Paige v. United States*, Nos. 8:02-cr-508-T-17MSS, 8:08-cv-1945-T-17MSS, 2009 WL 700659, at *5 (M.D. Fla. Mar. 16, 2009). Having conducted a careful review of the R&R and the record in this case, the Court finds that the Magistrate Judge's factual and legal conclusions were correct and that Campbell's objections have no merit.

AO 72A
(Rev.8/82)

### III.  CONCLUSION

Accordingly, the Court **OVERRULES** Campbell's objections; **ADOPTS** the

Magistrate Judge's Final Report and Recommendation as the opinion of this Court;

**DISMISSES** this 28 U.S.C. § 2255 motion to vacate sentence [Doc. 105] pursuant

to Rule 4(b) of the Rules Governing Section 2255 Proceedings; and **DECLINES** to

issue a certificate of appealability.

The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED** this 22nd day of January, 2014.


_____

Amy Totenberg
United States District Judge

AO 72A
(Rev.8/82)